Mr. Justice GRIER
 

 delivered the opinion of the court.
 

 The bill of exceptions (so called) in this case, is a sort of abstract or index to the history of a case tried in the Western District of Pennsylvania. Protesting against attempts at mystifying the merits of a case by such records, we shall proceed to notice the single error which it is supposed that the court has committed in the charge to the jury.
 

 
 *230
 
 The case cannot be made intelligible without a brief notice of the very peculiar land law of Pennsylvania. The proprietors of the province, in the beginning, allowed no one man to locate and survey more than three bun dr ed acres. To evade this rule in after times, it was the custom for speculators in laud to make application in the names of third persons, and having obtained a warrant to take from them what was called a “ deed-poll,” or brief conveyance of their inchoate equitable claim.
 

 Pennsylvania, until of late years, had no courts of equity. Hence, in an action of ejectment, the plaintiff might recover without showing a legal title. If he had a prior inchoate or equitable title, either as trustee or
 
 cestui que trust,
 
 he might recover. The courts treated the applicant, or warrantee, as trustee for the party who paid the purchase-money, or paid even the surveying fees; for the purchase-money, under the location or application system, was not paid at the time, and sometimes never. When the State succeeded to the title of the proprietors, the application system was abandoned, and warrants were granted on payment of the purchase-money for the number of acres for which his warrant called. Hence, where the claimant of the warrant was unable to show his deed-poll, he might recover by showing that he paid the purchase-money; that the warrantee, whose name was used, was therefore trustee for him. And an ejectment might also be maintained in the name of the warrantee, although he had no beneficial interest in the land, and had no knowledge of the institution of the suit. See
 
 Campbell
 
 v.
 
 Galbraith,
 

 *
 

 and also
 
 Ross
 
 v. Barker,
 
 †
 
 which was decided on the title now in question.
 

 To come to the history of the present case. Daniel Broad-head was the owner of the warrant in the name of William Barker. He had died intestate. The defendant in error had bought up the titles of the different heirs, and found Eli Evans, the father of the plaintiff in error, and others in possession, claiming title as settlers. But as the
 
 deed-poll
 
 from
 
 *231
 
 Barker to Broadhead could not be found, tbe defendant in error brought bis first ej ectment in tbe name of tbe warrantee, and recovered. Tbe objection was made that Patterson, tbe defendant in error, could not maintain bis suit in such form. But tbe Supreme Court, in tbe cases above cited, determined that be could.
 

 ■Afterwards, finding tbe same parties or tbeir piivies in possession (A. D. 1856), be brought another ejectment in bis own name, and having found the lost deed-poll to Broad-bead, he was able to deraign bis title regularly from tbe original warrantee, and bad another verdict and judgment in bis favor.
 

 In tbe case now before us, Elihu Evans, tbe plaintiff in error, bad succeeded to tbe claim of bis father, Eli Evans. On tbe t#ial, tbe defendant in error bad again deraigned bis title from Barker, tbe warrantee, and gave in evidence also bis two former recoveries. As be bad already shown a title regularly deraigned from the original warrantee, and tbe defendant Evans bad shown no title at all, tbe two former verdicts were unnecessary, but were conclusive, according to the laws of Pennsylvania, between tbe same parties and tbeir privies.
 

 The only objection made by Evans was, to the conclusiveness of tbe two verdicts, because tbe first suit was in tbe name of Barker, and, as now appeared by tbe deed to Broad-bead, that Barker bad no title. "When tbe recovery was bad in bis name, it was argued that such “ verdict and judgment should not be counted.” Tbe record’ showed that at tbe time tbe first ejectment was brought, Patterson bad bought up tbe title from Broadhead’s heirs; that the suit was carried on by Mm in tbe name of tbe warrantee for bis own use. No objection was made to the admission of tbe first verdict and judgment, because tbe parties defendant were not tbe same, or for want of privity between tbe defendant and tbe parties defendant in tbe former action. But it was contended that tbe first verdict and judgment “should not be counted against him ” for want of privity between the plaintiffs. There was satisfactory evidence that Patterson
 
 *232
 
 was tbe real party iu interest, and conducted botb suits, and bad recovered, in tbe first suit, in tbe name of a trustee, and in tbe second, in bis own name, as
 
 “cestui que trust” of
 
 tbe equitable estate — as where one suit was in areal or fictitious lease from John Doe, and tbe other in tbe name of Richard Roe. Tbe jury were instructed that if they believed tbe evidence that Patterson was tbe real party in botb suits, the two verdicts and judgments were conclusive.
 

 But tbe plaintiff below having deraigned title from tbe warrantee, and tbe plaintiff in error having shown no title, tbe question as to tbe estoppel was of no importance, as tbe court were bound to instruct tbe jury, that without its aid their verdict should be tbe same.
 

 Tbe plaintiff' in error, having failed to show any error in tbe record, tbe
 

 JUDGMENT IS AEEIRMED.
 

 *
 

 1 Watts, 78.
 

 †
 

 5 Id. 391.